1  David M. Poore, SBN 192541
   BROWN | POORE LLP
2  1350 Treat Blvd., Suite 420
   Walnut Creek, California 94597
3  Telephone:   (925) 943-1166
   Facsimile:    (925) 955-8600
4  dpoore@bplegalgroup.com

5  Attorneys for Plaintiff
   THOMAS HAUSCHILD

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHISN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| 12  THOMAS HAUSCHILD, | **Case No.** |
| 13              Plaintiff, | **COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF** |
| 14  v. | |
| 15  CITY OF RICHMOND; CHRISTOPHER MAGNUS; and DOES 1 through 10, inclusive, | VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983; VIOLATIONS OF THE FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE § 12940 ET SEQ; VIOLATIONS OF THE CALIFORNIA CONSTITUTION |
| 16 | |
| 17 | |
| 18              Defendants. | |
| 19 | **JURY TRIAL DEMANDED** |

20

21

22

23

24

25

26

27

28

Plaintiff THOMAS HAUSCHILD complains and alleges as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff THOMAS HAUSCHILD ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California.

2.     Plaintiff is informed and believes and thereby alleges that Defendant CITY OF RICHMOND (hereinafter "City of Richmond" or "Defendant"), is and at all relevant times hereto, was a public entity that operated in the State of California, County of Contra Costa.

3.     Defendant City of Richmond, including its departments, units, and/or political subdivisions, is and at all relevant times hereto, was an employer operating as a public entity within the State of California, County of Contra Costa, who regularly employed more than 15 persons.

4.     Defendant City of Richmond is a city municipality located within the State of California and doing business as a government entity under color of state authority and law.

5.     Defendant CHRISTOPHER MAGNUS ("Magnus" or "Defendant") is an individual whose residence is located in the State of California.  Defendant Magnus is a supervisor and/or managerial employee of the City of Richmond.  For purposes of the cause of action under the Civil Rights Act, Defendant Magnus is being sued in his official and/or individual capacity acting under color of law.

6.     This Court has jurisdiction and venue over this action in that Defendants employed Plaintiff within this judicial district in the State of California, and Plaintiff is seeking relief under federal law, 42 U.S.C. Section 1983.  This Court has supplemental jurisdiction over the state law claims, in that they arose from the same common nucleus of operative facts, as the federal claims.

7.     Plaintiff is unaware of the true identity, nature and capacity of each of the defendants designated herein as a DOE, whether individual, corporate, associate or otherwise, who therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff is informed and believes and thereby alleges that each of the defendants designated herein as a DOE is in some manner responsible for the damages and

injuries as are alleged in this Complaint. Upon learning the true identity, nature and capacity of the DOE defendants, plaintiff will amend this Complaint to allege their true names and capacities.

8.     Plaintiff has exhausted all administrative remedies, including obtaining a right-to-sue notice from the Department of Fair Employment and Housing, and Plaintiff has filed this complaint within one year of receiving the DFEH right to sue letter. Additionally, Plaintiff filed a timely government tort claim with the Defendants, which has been rejected.

9.     Unless otherwise indicated as acting in individual capacity, Plaintiff is informed and believe, and thereby allege that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendants, and were acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendants, and each of them.

**FACTUAL BACKGROUND**

10.    Plaintiff is a former employee of Defendant City of Richmond. Plaintiff had worked as a Police Officer with the City of Richmond for over eight years at the time of his termination.

11.    In July 2005, Defendant City of Richmond hired Plaintiff as a Police Officer I, with the Richmond Police Department. Plaintiff was employed as a peace officer, and, during his employment, Plaintiff performed his duties and responsibilities in an outstanding manner. Plaintiff received positive performance evaluations, and he was selected as a member of the SWAT team, performed duties as a firearms range master, and was a firearms instructor. Plaintiff received consistent praise from members of the public, as well as the management staff, and he was qualified to serve as the Acting Sergeant. At all relevant times, Plaintiff possessed the requisite skills in his position and was capable of performing the essential functions of his job.

12.    Plaintiff completed his probation period, and, as a result, he had a protected property interest in his continued employment.

13.    In 2006, Plaintiff separated from his wife after a short marriage, and he took affirmative measures to have his marriage annulled. Since then, Plaintiff's former wife has made

a series of false complaints against Plaintiff over the course of several years to the Richmond Police Department.

14.     Despite these difficulties over the years with his former wife, Plaintiff diligently served as a Richmond Police Officer, and his employment record was outstanding.

15.     As a result, Plaintiff was personally selected for a surveillance and protection detail, when the Chief of Police, Defendant Magnus, was subjected to several threats from the community.  Plaintiff was assigned to protect Chief Magnus' home at night and the early morning hours.

16.     On one of those evenings, Chief Magnus attempted to engage in an inappropriate, personal sexual relationship with Plaintiff.  Chief Magnus, while dressed in questionable civilian attire, approached Plaintiff while walking his dog, and began touching Plaintiff inappropriately on his arm, and began rubbing Plaintiff on his upper leg, in an obvious sexual manner.  Prior to this touching, Defendant Magnus had called Plaintiff's personal phone on a number of occasions, which made Plaintiff feel uncomfortable.  When Defendant Magnus touched and caressed his arm, Plaintiff immediately informed Defendant Magnus that he was not interested in any sexual relationship with the Chief of Police, and he asked Defendant Magnus to stop calling him on his personal phone, and stop touching him, as it made Plaintiff feel very uncomfortable in the workplace.  Plaintiff then immediately reported the misconduct to his supervising Lieutenant.

17.     When Defendant Magnus became aware of this complaint, he was furious, and his entire demeanor and attitude towards Plaintiff changed.  Although Plaintiff was considered one of the better performing officers in the department, Defendant Magnus engaged in a pattern of retaliatory conduct towards Plaintiff, with the ultimate goal of looking for any reason to support the termination of Plaintiff's employment.

18.     After Plaintiff made complaints about Defendant Magnus's sexual advances, Defendants subjected Plaintiff to repeated adverse actions in the workplace, including but not limited to:  (1) denying overtime for Plaintiff, (2) denying training for Plaintiff, (3) removing Plaintiff from his position on the SWAT team, (4) refusing to allow Plaintiff to serve as Acting

Sergeant, (5) refusing to select Plaintiff for a homicide position, even though Plaintiff had superior qualifications, (6) unilaterally audited Plaintiff's pay records, and demanding that he return part of his pay, (7) Defendant Magnus demanded that Plaintiff lie about an incident involving the senior leadership of the department, and, when Plaintiff refused to lie, Defendants attempted to transfer Plaintiff out of the Cease Fire program, and (8) subjecting Plaintiff to internal affairs investigations.

19. On or about September 23, 2012, Plaintiff was involved in an altercation with his former spouse, as part of a child custody exchange. Plaintiff's former wife struck him in the face and on the body. The Alameda County Sheriff's Department responded to the scene. During the course of the investigation, the Sheriff's Department took possession of eight firearms that Plaintiff had purchased in private firearm sales from other active duty Police Officers in the Richmond Police Department. Plaintiff was an avid firearm's collector. Plaintiff was never charged with any crime, as a result of this incident.

20. When Defendant Magnus became aware of this domestic investigation, he believed that he had found the right "incident" involving the Plaintiff to support a claim of termination, and he immediately placed Plaintiff under a pretext internal affairs investigation, which lasted more than a year.

21. Defendants conducted a biased internal affairs investigation, which only looked for reasons to support the termination of Plaintiff's employment. Although the evidence demonstrated that Plaintiff did nothing wrong, Defendants accused him of (1) domestic battery, claiming he was the "primary aggressor," when the evidence suggested otherwise, (2) placing a "condom" on his former wife's front door, even though there was no evidence to support this claim, and (3) taking possession of eight unregistered firearms, when the evidence showed it was the other Richmond Police Officers that had failed to document the private firearms sales with a federal firearms dealer. None of the other eight Police Officers, who were all non-Asian and primarily Caucasian, were terminated or disciplined in any manner whatsoever.

22.     Then, when Plaintiff denied the charges during his interview with the internal affairs investigator, Defendant Magnus accused Plaintiff of "lying" to the investigator, and then terminated Plaintiff's employment for alleged dishonesty.

23.     Defendants failed to provide Plaintiff with any liberty interest hearing.

24.     On or about September 24, 2013, Defendants issued a Skelly notice to Plaintiff, advising him that Defendant City of Richmond would be terminating his employment for domestic battery, defacing property by placing a condom on a door, possessing eight unregistered firearms, and lying to the investigator when Plaintiff denied the charges that were leveled against him.

25.     Even though Plaintiff had lodged a formal complaint of sexual harassment against Chief Magnus, Defendant City of Richmond assigned Defendant Magnus as the proposed unbiased Skelly hearing officer, who would hear the evidence to determine whether or not Plaintiff should be fired.

26.     Defendant Magnus was a biased and involved hearing officer, who should have never been assigned as an objective fact-finder to determine whether or not Plaintiff should be terminated from his long-term employment as a peace officer.

27.     On or about December 9, 2013, Defendant Magnus recommended that Plaintiff be terminated for engaging in misconduct, and allegedly "lying" about it.

28.     On or about December 11, 2013, Defendant Magnus' recommendation was adopted by the City Manager for Defendant City of Richmond.

## **FIRST CAUSE OF ACTION**

(Violations of 42 U.S.C. Section 1983 – All Defendants & DOES 1 to 5)

29.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 28 of this Complaint as fully set forth herein.

30.     In acting above, Defendants violated Plaintiff's due process, speech, and petition rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, and, acting under color of authority, further violated Plaintiff's rights under 42 U.S.C. Section 1983.

31.     Defendants violated Plaintiff's due process rights, in that Defendants failed to provide Plaintiff with a liberty interest hearing, after accusing him of misconduct in the workplace.

32.     Defendants further violated Plaintiff's due process rights when Defendants provided Plaintiff with a biased pre-termination hearing before an involved hearing officer, and then failed to provide Plaintiff with any post-termination hearing, thereby denying Plaintiff a protected property interest under the due process clause to the United States Constitution.

33.     In acting above, Defendants further violated Plaintiff's due process rights under the Public Safety Officers Procedural Bill of Rights, Government Code Section 3300 et seq., in that Defendants terminated Plaintiff's employment without an adequate showing of good cause, and for merely being arrested for a misdemeanor crime, which occurred more than a year before the issuance of the Skelly notice.

34.     Defendants violated Plaintiff's First Amendment rights, in that Defendants retaliated against Plaintiff for making complaints of public concern to Defendants, and terminated Plaintiff as a result of his complaints of sexual harassment.

35.     Plaintiff is informed and believes that Defendant City of Richmond has a custom, policy, pattern, or practice of retaliating against employees of the Richmond Police Department, who make complaints of public concern.

36.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

37.     Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

38.     As to individual Defendant Magnus only, the acts of these said defendants as alleged herein, were intentional, oppressive, fraudulent, and done with ill will and intent to injure

Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendants only.

## SECOND CAUSE OF ACTION

(Violations of FEHA – Discrimination – Defendant City of Richmond Only & DOES 6 to 10)

39.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.     California Government Code § 12940, et. seq., provides that it is an unlawful employment practice for an employer to discriminate on the basis of gender, race, or national origin in the terms and conditions of employment.

41.     Defendant City of Richmond violated Government Code § 12940 et seq with regard to Plaintiff when it discriminated against Plaintiff on the basis of his race, national origin, and gender.

42.     Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

43.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

44.     Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

## THIRD CAUSE OF ACTION

(Violations of FEHA – Retaliation – Defendant City of Richmond Only & DOES 6 to 10)

45.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46.     California Government Code § 12940(h) provides that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for engaging in a protected activity, including making internal complaints in the workplace.

47.     Defendant City of Richmond violated Government Code § 12940 with regard to Plaintiff when it engaged in adverse employment actions in retaliation for making internal complaints about Defendant Magnus's sexual advances to Plaintiff, including Plaintiff's complaints about the adverse actions that followed his refusal to engage in intimate sexual conduct with Defendant Magnus, who is the Chief of the entire police department.

48.     Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

49.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

50.     Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

## FOURTH CAUSE OF ACTION

(Violations of FEHA – Harassment – All Defendants & DOES 1 to 5)

51.     Plaintiff realleges and incorporates by reference Paragraphs 1 through __ of this Complaint as though fully set forth herein.

52.     California Government Code § 12940(h) provides that it is an unlawful employment practice for an employer or any other person to harass or create a hostile work environment for an employee in the workplace.

53.     Defendants violated Government Code § 12940 with regard to Plaintiff when Defendants harassed Plaintiff on the basis of sex, gender, and his sexual orientation, including refusing Defendant Magnus's sexual advances to Plaintiff, including both hostile work environment and quid pro quo.

54.     Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

55.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

56.     Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

57.     As to individual Defendant Magnus only, the acts of these said defendants as alleged herein, were intentional, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress.  The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendants only

## FIFTH CAUSE OF ACTION

(Violations of the California Constitution – All Defendants & DOES 1 to 5)

58.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint as fully set forth herein.

59.     Article I, §§ 2 and 7, of the California Constitution prohibit any person while acting under color of law to deprive and/or interfere with any other person's constitutional rights of free speech, to petition the government for redress, and due process.

60.     In acting above, Defendants violated said rights under the California Constitution, when Defendants terminated Plaintiff based upon his freedom of speech, failed to provide Plaintiff with a liberty interest hearing, failed to provide Plaintiff with an unbiased pre-termination hearing before a neutral hearing officer, failed to provide Plaintiff with any post-termination hearing, and subjected Plaintiff to a biased workplace investigation.

61.     As a direct and proximate result of Defendants' acts, Plaintiff seeks the equitable remedy of reinstatement with all back-pay and attorney's fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1.   For general damages in an amount according to proof;

2.   For special damages in an amount according to proof;

3.   For prejudgment interest in an amount according to proof;

4.   For punitive damages in an amount according to proof;

5.   For equitable and/or injunctive relief;

6.   For statutory penalties, if applicable;

7.   For reasonable attorney's fees and cost of suit therein;

8.   For such other and further relief as the court may deem proper.

9.   **Plaintiff demands a trial by jury.**

Dated:  April 2, 2015                          BROWN | POORE LLP

By:___*//s// David M. Poore*_____
David M. Poore
Attorneys for Plaintiff