IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HAUSCHILD,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF RICHMOND AND<br>CHRISTOPHER MAGNUS,<br><br>    Defendants.<br>                                         / | No. C 15-01556 WHA<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**INTRODUCTION**

In this wrongful termination action, defendants move for partial summary judgment on one of plaintiff's claims. For the reasons stated herein, defendants' motion is **DENIED**. Plaintiff's evidentiary objections are **OVERRULED**.

**STATEMENT**

Plaintiff Thomas Hauschild began working as a police officer for defendant City of Richmond in 2005. He served as a detective, a member of the SWAT team, and as a firearms instructor. Between 2006 and 2012, plaintiff's wife, who also worked for the City of Richmond, made several domestic abuse complaints against plaintiff. In response, plaintiff notified the City of these complaints and the City took no action (Hauschild Decl. at ¶¶ 3–4).

On September 23, 2012 a physical altercation between plaintiff and his wife occurred. Both plaintiff and his wife suffered injuries to their faces and bodies. The Alameda County

1  Sheriff's Department responded to the scene and opened an investigation, but eventually
2  declined to press charges (*id*. at ¶5).

3        As a result of this altercation, the City initiated an internal affairs investigation of
4  plaintiff. The investigation delved into many past incidents occurring between 2006 and 2012
5  and investigators questioned plaintiff about these incidents in the investigatory interview. The
6  investigation concluded on September 18, 2013 (less than one year after the incident) and
7  plaintiff received a *Skelly* hearing notice regarding the termination of his employment on
8  September 24.* Defendant Police Chief Christopher Magnus was appointed as the hearing
9  officer (*id*. at ¶6; Dickerson Decl. at Exh. E).

10       After the hearing, Magnus recommended plaintiff's employment be terminated based on
11 the following four conclusions: (1) plaintiff had been the "primary aggressor" in the September
12 2012 domestic violence incident; (2) plaintiff placed a condom on his wife's door the day after
13 the incident, in order to humiliate and intimidate her; (3) plaintiff had possession of eight
14 unregistered firearms at the time of the incident; and (4) plaintiff lied to investigators when he
15 insisted his wife had been the primary aggressor during the incident. Magnus' recommendation
16 stated that each of these incidents, standing alone, warranted plaintiff's dismissal. Moreover,
17 his conclusion stated (Dickerson Decl., Exh. E at 3):

> the evidence collected regarding the September 23, 2012 incident, six years of domestic abuse of [plaintiff's wife] leading up to this incident, and Officer Hauschild's defacement of [plaintiff's wife's] property after the incident, conclusively proved that Officer Hauschild was the primary aggressor on September 23, 2012, and battered [plaintiff's wife] in a jealous rage after finding text messages from another officer on her mobile phone.

22 The recommendation also stated that the evidence showed plaintiff to be the primary aggressor
23 during the September 2012 incident, "even without any consideration of the prior allegations of
24 domestic abuse" (*id*. at 7). The City terminated plaintiff's employment two days after Magnus
25 issued his report.

---

* A *Skelly* hearing allows an employee to respond to allegations prior to the imposition of any actual disciplinary action. *See Skelly v. State Personnel Board*, 15 Cal. 3d 194 (1975).

2

Plaintiff filed his first amended complaint in May of this year, alleging six separate claims related to the termination of his employment. Shortly thereafter, and before any discovery had taken place, defendant moved for partial summary judgment on three of plaintiff's claims. In response, the parties agreed that plaintiff would drop two of his claims (related to FEHA and California Constitution violations) and would be allowed ninety days to take discovery regarding his Public Safety Officers Procedural Bill of Rights claim (the only claim at issue in this motion). This order follows full briefing and oral argument.

## ANALYSIS

### 1.     MOTION FOR PARTIAL SUMMARY JUDGMENT.

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiff asserts four claims in this action, including a federal claim under Section 1983. The instant motion for partial summary judgment only implicates one of plaintiff's state law claims. The Public Safety Officers Procedural Bill of Rights provides that "no punitive action . . . shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery." Cal. Govt. Code Section 3304(d)(1). Section 3304(d)(2)(A) tolls the one-year statute of limitations during the pendency of a criminal investigation. The California Supreme Court has held that the purpose of this statute is "to ensure that an officer will not be faced with the uncertainty of a lingering investigation, but will know within one year of the agency's discovery of the officer's act or omission that it may be necessary for the officer to respond in the event he or she wishes to defend against possible discipline." *Mays v. City of Los Angeles*, 43 Cal. 4th 313, 322 (2008).

Here, both sides agree that the central issue in this motion is whether defendants took punitive action against plaintiff for alleged misconduct that took place beyond POBR's one-year statute of limitations. This order holds that an issue of material exists as to this question.

3

During the investigative interview of plaintiff, internal affairs investigator Walle asked numerous questions about incidents that occurred well beyond the one-year statute of limitations. These included inquiries into domestic incidents which occurred in 2007, 2009, 2010, and 2011 (Wilkinson Decl, Exh. A at 29–48). Moreover, defendant Magnus' recommendation following the *Skelly* hearing made several references to these previous incidents. Specifically, Magnus' memorandum stated that, among other things, plaintiff's "six years of domestic abuse of [plaintiff's wife] . . . conclusively proved that Officer Hauschild was the primary aggressor on September 23, 2012" (Dickerson Decl., Exh. E at 3). Magnus also considered that plaintiff "was able to provide detailed accounts of the September 23, 2012 domestic violence incident and other domestic violence incidents dating back several years" (*ibid*). From the way in which defendants conducted the investigation, and from the sections of the Magnus memorandum discussing past allegations against plaintiff, a reasonable jury could find that defendants took punitive action against plaintiff for events occurring beyond the POBR's one-year statute of limitations.

Defendants argue that all evidence points to the conclusion that the punitive action against plaintiff arose solely from the September 23, 2012 incident. Defendants contend that the above quoted passages from the Magnus memorandum were contained in the "Summary of Charges" section and were not mentioned in the "Discussion" section, which supposedly contained the analysis and recommendation. Specifically, defendants point out that in the "Discussion" section, Magnus stated (*id*. at 7):

> The evidence collected during the investigation supports the investigator's finding that Officer Hauschild was the primary aggressor during the incident on September 23, 2012, even without any consideration of the prior allegations of domestic abuse by [plaintiff's wife] against Officer Hauschild.

Moreover, in discussing the four separate charges — the domestic violence incident, the placement of the condom on the door handle, the unregistered firearms, and lying to investigators — Magnus determined that each of these charges, standing alone, warranted termination of employment.

4

Thus, defendants argue, because the discussion of the "six years of domestic abuse" only appeared in the "Summary of Charges" section and because Magnus explicitly stated that the incident on September 23, 2012, had been sufficient (in and of itself) without consideration of prior incidents, no issue of material fact exists as to whether defendants took punitive action based on old misconduct. Not so. Defendants' assertion, that the old conduct played no role in the termination decision, may very well be true. That, however, must be determined by the jury. A reasonable jury could find that based on the several references to past events in the Magnus memorandum, and based on the questions regarding old incidents raised in the investigatory interview, that the City actually gave weight to these old events in making its termination decision. While Magnus explicitly stated that events prior to 2012 did *not* factor into his recommendation, the recurring reference to those events throughout the process raises an inference that plaintiff's past came back to haunt him. From the facts that a substantial portion of the investigation focused on plaintiff's conduct from 2006–2011, along with the fact that Magnus' memorandum discussed the prior instances multiple times, a reasonable jury could find that defendants' punitive actions were based on conduct that occurred beyond POBR's one-year statute of limitations.

### 2. PLAINTIFF'S EVIDENTIARY OBJECTIONS.

In his opposition, plaintiff made two objections to the declarations defendants appended to their motion for partial summary judgment. *First*, plaintiff objects to the inclusion Lieutenant Brian Dickerson's declaration because defendants failed to list him as a witness in their initial Rule 26 disclosures. Under Rule 37, however, exclusion is not warranted when the failure to disclose a witness is harmless. Here, defendants filed their summary judgment motion, with the Dickerson declaration included, eleven days before the Rule 26 disclosures were even due. In addition, plaintiff included Dickerson as a potential witness in his own Rule 26 disclosures. Thus, any assertion that plaintiff has been harmed by defendants' failure to include Dickerson in their own Rule 26 disclosures is baseless.

*Second*, in the alternative, plaintiff objects to paragraph 12 of Dickerson's declaration, which states that the Alameda County Sheriff's Department's investigation of the September

5

23, 2012, incident "concluded sometime in October 2012." Plaintiff argues this is hearsay and not based on Dickerson's personal knowledge. Dickerson, however, stated in his declaration that this conclusion had been "[b]ased upon [his] personal participation of the investigation of the four Personnel Complaint charges brought against Detective Hauschild." Plaintiff could have deposed Dickerson and delved into his personal knowledge of this subject. He chose not to. There is nothing in the record to indicate that Dickerson did not have personal knowledge of the end date of the Sheriff's investigation, as he swore to in his declaration, other than plaintiff's bare assertion in his brief.

## CONCLUSION

For the reasons stated herein, defendants' motion for partial summary judgment regarding the POBR claim against the City of Richmond is **DENIED**. Plaintiff's evidentiary objections are **OVERRULED**. As the parties stipulated to at the hearing, plaintiff's POBR claim against defendant Magnus is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: November 20, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE