1    ARTHUR A. HARTINGER (SBN 121521)
     ahartinger@publiclawgroup.com
2    GEOFFREY SPELLBERG (SBN 121079)
     gspellberg@publiclawgroup.com
3    KEVIN P. MCLAUGHLIN (SBN 251477)
     kmclaughlin@publiclawgroup.com
4    RENNE SLOAN HOLTZMAN SAKAI LLP
     1220 7th Street, 3rd Floor
5    Berkeley, California 94710
     Telephone: (510) 995-5800
6    Facsimile:  (415) 678-3838

7    BRUCE REED GOODMILLER (SBN 121491)
     City Attorney
8    bruce_goodmiller@ci.richmond.ca.us
     CITY OF RICHMOND
9    450 Civic Center Plaza
     Richmond, California 94804
10   Telephone: (510) 620-6509
     Facsimile:  (510) 620-6518
11
     Attorneys for Defendants
12   CITY OF RICHMOND and
     CHRISTOPHER MAGNUS
13

14              IN THE UNITED STATES DISTRICT COURT

15            FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17   THOMAS HAUSCHILD,                    Case No. 15-CV-01556-WHA

18         Plaintiff,                     **DEFENDANTS' NOTICE OF MOTION AND**
                                          **MOTION FOR SUMMARY JUDGMENT OR**
19   v.                                   **PARTIAL SUMMARY JUDGMENT;**
                                          **MEMORANDUM OF POINTS AND**
20   CITY OF RICHMOND; CHRISTOPHER        **AUTHORITIES IN SUPPORT**
     MAGNUS; and DOES 1 through 10, inclusive,
21                                        Date:   June 23, 2016
         Defendants.                      Time:   8:00 a.m.
22                                        Dept:   Courtroom 8, 19th Floor
                                          Judge:  Hon. William H. Alsup
23
                                          Action Filed:   April 3, 2015
24                                        Trial Date:     August 15, 2016

25

26

27

28

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1

**NOTICE OF MOTION**

2       TO:  Plaintiff, THOMAS HAUSCHILD, AND TO HIS ATTORNEY OF RECORD:

3       PLEASE TAKE NOTICE that, on June 23, 2016 at 8:00 a.m. in Courtroom 8 of the above-

4   referenced Court, Defendants City of Richmond and Christopher Magnus will and hereby do move this

5   Court for an order granting this Motion for Summary Judgment or Alternatively Partial Summary

6   Judgment on the First, Second, Third, and Sixth Causes of Action.

7       This motion is brought pursuant to Fed. R. Civ. P. 56(a).  It is made upon the ground that there is

8   no genuine dispute as to any material fact and that Defendants are entitled to judgment as a matter of law

9   on all of these causes of action.

10      This motion will be and is based on this Notice of Motion, the Memorandum of Points and

11  Authorities, the Declarations of Charles Whitney, Christopher Magnus, Donna Newton, Eddie Aubrey,

12  Mario Chesney, Geoff Spellberg, Albert Walle, Arnold Threets, Bill Lindsay, Andreia Stewart, the

13  Declaration of Todd Simonson already on file, and on the records and files herein.

14   Dated:  May 19, 2016                                RENNE SLOAN HOLTZMAN SAKAI LLP

15

16                                                      By: */s/ Geoffrey Spellberg*
17                                                          GEOFFREY SPELLBERG

18                                                      Attorneys for Defendants
19                                                      CITY OF RICHMOND and
                                                        CHRISTOPHER MAGNUS

20

21

22

23

24

25

26

27

28

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

<div style="text-align:left; font-variant:small-caps;">Renne Sloan Holtzman Sakai LLP<br/>Attorneys at Law</div>

**TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ...................................................................................................V

II.  STATEMENT OF FACTS .................................................................................... VI

     A.   Plaintiff's Allegations Per His Complaint and Testimony ............................... vi

     B.   The Alleged Sexual Harassment Incident............................................................ vi

     C.   The Alleged Discrimination and Retaliation ..................................................... vii

          1.   Denial of Overtime .................................................................................... viii

          2.   Denial of Training ..................................................................................... viii

          3.   Removal from SWAT Team ...................................................................... ix

          4.   Failure to Serve as an Acting Sergeant ................................................... ix

          5.   Failure To Be Selected for Homicide Position ....................................... ix

          6.   The Audit and Demand for Return of Pay ................................................x

          7.   Demand that Plaintiff Lie About an Incident............................................x

          8.   Subjecting Plaintiff to Internal Affairs Investigations .............................x

          9.   Plaintiff's Dismissal.................................................................................... xi

     D.   Facts Underlying the Sixth Cause of Action....................................................... xi

III. ARGUMENT ......................................................................................................XII

     A.   Summary Judgment Should Be Granted On Plaintiff's First Cause of Action For Violation of 42 U.S.C. Section 1983 ................................................... xiii

          1.   Plaintiff's First Amendment Retaliation Claim .................................... xiii

          2.   Plaintiff's *Monell* Claim ........................................................................ xvi

          3.   Plaintiff's Due Process Claim ................................................................ xvi

     B.   Summary Judgment Should Be Granted On Plaintiff's Second Cause of Action For Discrimination in Violation of the FEHA....................................... xviii

     C.   Summary Judgment Should Be Granted On Plaintiff's Third Cause of Action For Retaliation in Violation of the FEHA ............................................... xix

     D.   Summary Judgment Should Be Granted On Plaintiff's Sixth Cause of Action For Violation of the POBR....................................................................xx

IV.  CONCLUSION.................................................................................................XXIII

TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Braun v. Bureau of State Audits,*
    67 Cal. App. 4th 1382 (1998) ...................................................................................18

*British Airways Bd. v. Boeing Co.,*
    585 F.2d 946 (9th Cir. 1978) ...................................................................................18

*Christal v. Police Commission of City & Cnty. of San Francisco,*
    33 Cal.App.2d 564 (1939) ......................................................................................10

*Clark Cnty. Sch. Dist. v. Breeden,*
    532 U.S. 268 (2001)................................................................................................11

*Coszalter v. City of Salem,*
    320 F.3d 968 (9th Cir. 2003) ..................................................................................12

*Dahlia v. Rodriguez,*
    735 F.3d 1060 (9th Cir. 2013) ................................................................................11

*Gallanis-Politis v. Medina,*
    152 Cal. App. 4th 600 (2007) .................................................................................16

*Hansen v. Cal. Dep't of Corr. & Rehab.,*
    171 Cal. App. 4th 1537 (2008) ..........................................................................15, 18

*Kemmerer v. Cnty. of Fresno,*
    200 Cal. App. 3d 1426 (1988) ...............................................................................18

*Leslie v. Grupo ICA,*
    198 F.3d 1152 (9th Cir. 1999) ..................................................................................9

*Levine v. City of Alameda,*
    525 F.3d 903 (9th Cir. 2008) ..................................................................................14

*Mays v. City of Los Angeles,*
    43 Cal. 4th 313 (2008) ............................................................................................14

*McCollum v. Cal. Dep't of Corr. & Rehab.,*
    647 F.3d 870 (9th Cir. 2011) ....................................................................................9

*Meaux v. Northwest Airlines, Inc.,*
    718 F. Supp. 2d 1081 (N.D. Cal. 2010) .................................................................16

*Monell v. N.Y. City Dep't of Social Servs.,*
    436 U.S. 658 (1978)..................................................................................................9

*Morgan v. Regents of Univ. of Cal.,*
    88 Cal. App. 4th 52 (2000) .....................................................................................15

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
    210 F.3d 1099 (9th Cir. 2000) ............................................................................................8

*Plymale v. City of Fresno*,
    No. CV F 09-0802 LJO DLB, 2009 WL 1810765 (E.D. Cal. June 25, 2009)....................15

*Quintanilla v. City of Downey*,
    84 F.3d 353 (9th Cir. 1996) ............................................................................................12

*Quiroz v. Horel*,
    85 F. Supp. 3d 1115 (N.D. Cal. 2015) ...........................................................................10

*Ramirez v. Cnty. of Marin*,
    578 F. App'x 673 (9th Cir. 2014) ...................................................................................13

*Riverside Cnty. Sheriff's Dep't v. Zigman*,
    169 Cal. App. 4th 763 (2008) .........................................................................................10

*Robinson v. Alameda Cnty.*,
    875 F. Supp. 2d 1029 (N.D. Cal. 2012) .........................................................................15

*Schulthies v. Nat'l Passenger R.R. Corp.*,
    650 F. Supp. 2d 994 (N.D. Cal. 2009) .............................................................................9

*Shuer v. Cnty. of San Diego*,
    117 Cal. App. 4th 476 (2004) .........................................................................................13

*Strahan v. Kirkland*,
    287 F.3d 821 (9th Cir. 2002) .....................................................................................10, 11

*Taylor v. AFS Techs. Inc.*,
    503 F. App'x 531 (9th Cir. 2013) ...................................................................................14

*Van Pelt v. Skolnik*,
    897 F. Supp. 2d 1031 (D. Nev. 2012) ............................................................................11

*Villiarimo v. Aloha Island Air, Inc.*,
    281 F.3d 1054 (9th Cir. 2002) ..............................................................................8, 10, 15

*Walker v. City of Berkeley*,
    951 F.2d 182 (9th Cir. 1991) ..........................................................................................13

*Walker v. Kiousis*,
    93 Cal. App. 4th 1432 (2001) .........................................................................................15

*Zeron v. City of Los Angeles*,
    67 Cal. App. 4th 639 (1998) ...........................................................................................13

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

**Statutes**

42 United States Code
   Section 1983.................................................................................................1, 9

California Civil Code
   Section 47(b)..........................................................................................15, 16, 18

California Evidence Code
   Section 1103(b)...............................................................................................17

California Government Code
   Section 3304(d).........................................................................................14, 16
   Section 3304(d)(1) .....................................................................................*passim*
   Section 3309.5...........................................................................................*passim*
   Section 12940(h)...............................................................................................15

California Penal Code
   Section 832.5(a) ...............................................................................................15


**Other Authorities**

California Constitution...........................................................................................1, 12

Federal Rules of Civil Procedure
   Rule 56(a)............................................................................................................8

Federal Rules of Evidence
   Rule 414(a)(2)...................................................................................................17

United States Constitution ................................................................................*passim*

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - Case No. 15-CV-01556-WHA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action is brought by Thomas Hauschild ("Plaintiff"), a former City of Richmond police officer who was fired in December, 2013 for numerous instances of misconduct:  (1) domestic battery of his ex-wife; (2) defacing her residence by hanging a condom on the front door and writing a presumed boyfriend's name in chalk on the porch; (3) purchasing eight firearms without properly registering them and possessing an unregistered assault rifle; and (4) providing false or misleading statements to the Richmond police officer who investigated these various incidents.

Officer Hauschild was entitled to and received a *Skelly* hearing where he was able to challenge the evidence and allegations against him.  Following the conclusion of that *Skelly* hearing, a recommendation was forwarded to the Richmond City Manager, Bill Lindsay, for evaluation.  Under the Richmond charter, Mr. Lindsay, as City Manager, is the only person who has authority to discipline any employee, including imposing termination on that employee.  As described in his declaration, Mr. Lindsay independently reviewed the *Skelly* recommendations from the Police Chief, Defendant Christopher Magnus, and made his own determination to terminate Officer Hauschild.

After being terminated, Hauschild did not bother to pursue any post-*Skelly* hearing rights, but voluntarily dismissed his appeal and instead brought this lawsuit.  He alleged six causes of action, and this Court has already dismissed the Fourth Cause of Action (for harassment), the Fifth Cause of Action (violation of the California Constitution), and has dismissed Chief Magnus as a Defendant on the Sixth Cause of Action, which asserts violations of the Peace Officers Bill of Rights Act ("POBR"), Government Code sections 3304(d)(1) and 3309.5.

Now that discovery has just about concluded and Plaintiff has been fully deposed, Defendants City of Richmond and Christopher Magnus ("Defendants") move for summary judgment and/or partial summary judgment as to all of the remaining causes of action.  The causes of action being challenged by this motion are:

>        First Cause of Action for violation of 42 U.S.C. section 1983, which is asserted against both Defendants;

Renne Sloan Holtzman Sakai LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1    >    Second Cause of Action for discrimination under the Fair Employment and Housing Act

2    ("FEHA") which is asserted only against the City of Richmond;

3    >    Third Cause of Action for retaliation under the FEHA which is asserted only against the

4    City of Richmond; and

5    >    Sixth Cause of Action for a POBR violation, which is asserted only against the City of

6    Richmond.

7    **II.    STATEMENT OF FACTS**

8         Plaintiff is a former City of Richmond police officer who was dismissed from employment on

9    December 11, 2013.  (First Amended Complaint ("FAC") at ¶¶ 10, 28.)  He now sues the City of

10   Richmond on multiple theories:  deprivation of due process in violation of the federal constitution;

11   retaliation in violation of the First Amendment, including a *Monell* claim based upon an alleged City

12   policy of discriminating against and retaliating against employees of the Richmond Police Department

13   who make complaints of public concern; discrimination under the California Fair Employment and

14   Housing Act ("FEHA") based upon race, national origin, and gender; retaliation under the FEHA based

15   upon internal complaints regarding alleged sexual advances by Chief Magnus; and violation of the POBR

16   statute of limitations based upon an allegation that he was dismissed for time-barred acts of misconduct.

17   (FAC ¶¶ 30-35, 41, 47, 53, 60, 72.)

18        **A.    Plaintiff's Allegations Per His Complaint and Testimony**

19        The primary assertion in Plaintiff's complaint is that Chief Magnus made a sexual advance

20   toward Plaintiff, which he rejected.  (FAC at ¶¶ 15-20.)  Plaintiff asserts that he suffered retaliation and

21   discrimination as a result of rejecting these advances.  He asserts that he was subjected to a number of

22   adverse employment actions which were ordered by the Chief.  In the alternative, he alleges that he was

23   subjected to these same adverse employment actions as a result of his gender, race and national origin.

24   Finally, Plaintiff alleges that he was improperly terminated in violation of the POBR because he asserts

25   that in terminating Plaintiff, the City disciplined Plaintiff for misconduct that occurred more than one

26   year before he received his notice of proposed termination.

27        **B.    The Alleged Sexual Harassment Incident**

28        In his deposition, Plaintiff testified at great length and detail about how he was sexually harassed

2

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

by Chief Magnus.  (Declaration of Geoff Spellberg ("Spellberg Decl."), Ex. A ("Hauschild Depo.") at pp. 35:21-36:17.)  Chief Magnus denies all of those allegations completely.  (Declaration of Christopher Magnus ("Magnus Decl."), ¶¶ 4-6.)  Plaintiff testifies that the entire alleged sexual harassment (physical contact and unwanted telephone calls) was witnessed by another officer on the surveillance detail, Mario Chesney.  (Hauschild Depo. at pp. 27:13-28:1; 28:18-24; 34:16-35:6; 35:21-36:17; 38:12-17; 48:16-49:6; 52:-53:1.)  However, Mr. Chesney completely denies seeing or hearing any sort of inappropriate sexual conduct by Chief Magnus.  (Declaration of Mario Chesney, ¶ 4.)  In deposition, Plaintiff also testified that he reported the incident to his supervising Lieutenant, Arnold Threets, who told Plaintiff that the Lieutenant could not do anything about the harassment.  (Hauschild Depo. at pp. 43:24-44:3; 44:12-45:5; 47:2-5; 47:14-22.)  However, Lt. Threets has no recollection of such a complaint and no knowledge of this purported incident.  (Declaration of Arnold Threets ("Threets Decl."), ¶¶ 3-4.)

Plaintiff never made any written report, wrote any email or in any way documented this alleged sexual incident.  The incident occurred in June 2009 and was never mentioned to or discussed with anyone by Plaintiff until he filed this lawsuit on April 3, 2015—16 months after he was terminated. Even when Chief Magnus acted as the *Skelly* officer on Plaintiff's termination hearing, Plaintiff did not raise any objection about this issue.

In light of the complete lack of any support for the allegation that Plaintiff was subjected to a 2009 sexual advance by Chief Magnus, there is no legal basis to permit Plaintiff to proceed on his retaliation and discrimination claims which are based upon the alleged rejected sexual advances.  He fails to even meet the standard of proving a *prima facie* violation.

### C.    The Alleged Discrimination and Retaliation

Hauschild asserts that as a result of rejecting the sexual advances, Chief Magnus subjected Plaintiff to adverse actions in the workplace which he pleads and testifies consisted of:  1) denying overtime, 2) denying training, 3) removing Plaintiff from the SWAT team, 4) refusing to allow Plaintiff to serve as acting sergeant, 5) refusing to select Plaintiff for a position in the Homicide unit, 6) auditing pay records and demanding return of pay, 7) demanding that Plaintiff lie about an incident, and 8) subjecting Plaintiff to internal affairs investigations.  (FAC ¶ 18.)  Notably, Hauschild asserts that these exact same "adverse employment actions" were the result of discrimination against him based upon his

1    gender, race and his national origin.  (Hauschild Depo. at pp. 57:1-4; 72:23-24; 73:13-15; 74:10-12;

2    75:24-76:2; 76:5-11; 118:2-16; 126:17-127:11; 127:20-24.)  Plaintiff's First, Second and Third Causes of

3    Action all involve the same alleged adverse employment actions.  As discussed herein, none of these

4    alleged adverse employment actions are supported by the evidence.  Other than his speculative opinion

5    testimony, Plaintiff does not have any supporting evidence of his claims.

6        The evidence with regard to each incident is as follows:

7            1.    Denial of Overtime

8        Plaintiff was chronically behind in completing his regular work assignments and was told by his

9    supervising Lieutenant, Lieutenant Whitney, that Plaintiff could not work special assignment overtime

10   until he caught up with his regular work.  (Declaration of Charles Whitney ("Whitney Decl."), ¶ 9.)

11   Lieutenant Whitney's decision to withhold overtime work was made solely by Whitney without any

12   input from Chief Magnus.  (Whitney Decl., ¶¶ 10-11; Magnus Decl., ¶ 10.)  The decision was not based

13   on Plaintiff's gender, race or national origin—but instead based upon the workplace supervisor's

14   decision to stop extracurricular work assignments until Plaintiff was able to catch up with his regular

15   work assignments.  Any denial of overtime is not an adverse employment action based upon gender, race,

16   national origin or as retaliation.

17       In addition, the actual overtime records for Plaintiff show that there was almost no reduction in

18   the overtime that Plaintiff was working.  From 2010 until he went on administrative leave in September

19   2012, in those roughly 70 pay periods, he worked in excess of 20 hours of overtime every pay period

20   except for three periods where his overtime dipped to about 10 hours a pay period.  (Declaration of Eddie

21   Aubrey ("Aubrey Decl."), ¶ 6, Ex. A.)  The actual overtime records do not show any systematic or

22   extended denial of overtime subsequent to the alleged 2009 sexual advance.

23           2.    Denial of Training

24       Chief Magnus was not in charge of assigning training to Officer Hauschild or any other officer.

25   (Magnus Decl., ¶ 11.)  And, Plaintiff received typical assignments for training during the relevant period

26   of time.  (Aubrey Decl., ¶ 7, Ex. B.)  He admitted in deposition being sent to trainings in Arizona and

27   North Carolina during the time period when he was allegedly being subjected to retaliation.  (Hauschild

28   Depo. at pp. 183:8-15; 184:5-7.)

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY
JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - Case No. 15-CV-01556-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.     Removal from SWAT Team

It is true that Plaintiff was removed from the SWAT team, but the decision to remove him was made by Lieutenant Whitney and Captain Gagan without any input or direction from Chief Magnus. (Magnus Decl., ¶ 10; Whitney Decl., ¶ 7; Spellberg Decl., Ex. B ("Gagan Depo.") at pp. 12:10-16:11; 21:17-22:1; 22:7-23:23.)  Lieutenant Whitney was the SWAT team commander and testifies that team members must display a dedication to the team and other members by consistently attending training and participating in the emergency call outs, which typically involve an emergency situation affecting public safety.  Plaintiff was lackadaisical in his approach to participating on the team.  He missed trainings, would disappear part way through training sessions and missed an emergency call out.  (Whitney Decl., ¶ 5.)  Lt. Whitney testifies that the SWAT Sergeants and team members were dissatisfied with Plaintiff's effort.  (*Id.*, ¶ 6.)  Based on that concern, the SWAT Captain, Captain Gagan, made the decision to remove Plaintiff from that position.  (Gagan Depo. at pp. 12:10-16:11; 21:17-22:1; 22:7-23:23.)  This was a regular employment decision, not motivated by Plaintiff's race, gender, national origin or by retaliatory animus.

### 4.     Failure to Serve as an Acting Sergeant

This assertion fails based upon Plaintiff's own testimony.  He testified that in his unit the regular Sergeant was out due to an illness and so Plaintiff and another officer split those duties, each performing Acting Sergeant duties.  (Hauschild Depo. at pp. 196:11-197:8.)  Since Plaintiff admits that he worked as an Acting Sergeant on a regular basis, there was no failure to allow Plaintiff to serve as an Acting Sergeant, and this is not an adverse action nor any evidence supporting Plaintiff's retaliation claim.

### 5.     Failure To Be Selected for Homicide Position

Plaintiff submitted two applications for a position in the Homicide unit approximately one year before he was put on administrative leave.  (Aubrey Decl., ¶ 4.)  During that year no officers were assigned to that unit so the failure to move Plaintiff to that unit was not an adverse employment action or evidence of retaliation, but rather a reflection of the lack of an opening.  (*Id.*)  And, as Mr. Aubrey testifies, there was already an Asian officer in Homicide which establishes, at the very least, that Asian officers were not excluded from that assignment.  (*Id.*)

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

6.     The Audit and Demand for Return of Pay

When Plaintiff began at Richmond, he was mistakenly paid at a higher rate than agreed.  Such accounting errors are not uncommon and the request to Plaintiff to make repayment was typical.  (Declaration of Andreia Stewart ("Stewart Decl."), ¶¶ 3-4.)  In addition, Plaintiff did return any of the overpaid amount after he raised an objection.  (*Id.*, ¶ 5.)

It is typical for the Department to catch up on such overpayments, and it had nothing to do with Plaintiff's race, gender, national origin, or any protected activity.  (*Id.*, ¶ 8.)  More importantly, Chief Magnus attests without dispute that he was completely unaware of any issue involving the return of overpayments to Plaintiff.  (Magnus Decl., ¶ 13.)  And the Payroll Department initiated this issue, not Chief Magnus or anyone else.  (Stewart Decl., ¶¶ 7-8.)

7.     Demand that Plaintiff Lie About an Incident

Other than his unsupported testimony, Plaintiff cannot support his assertion that Chief Magnus asked Plaintiff to lie about an incident.  Chief Magnus denies the incident, and Plaintiff cannot carry his burden of proof.  (Magnus Decl., ¶ 12.)

More importantly, Plaintiff testified that after he refused to lie, Chief Magnus immediately transferred Plaintiff out of his work assignment in the Ceasefire Program.  (Hauschild Depo. at pp. 86:23-87:5.)  But, as he was questioned further, Plaintiff admitted that he was never actually transferred out of that assignment.  (*Id.* at pp. 86:23-87:5; 87:20-88:1; 88:15-19; 24-25; 176:19-177:1.)  As confirmed in the City's Personnel Transfer Orders, Plaintiff was not transferred out of the Ceasefire Program at this point in time.  (Aubrey Decl., ¶ 7, Ex. B.)  There is no adverse employment action arising out of the alleged request by Chief Magnus for Plaintiff to make a false statement, and no corroboration for Plaintiff's allegation.

8.     Subjecting Plaintiff to Internal Affairs Investigations

The entire basis of this assertion was explained by Plaintiff in his deposition:  that when he filed complaints against female Richmond employees (his wife Nicole Ewing and her friend Saida Lars), those complaints were marginalized and not properly investigated.  (Hauschild Depo. at pp. 103:13-17; 105:5-12; 219:220:21; 221:17-19; 222:10-12.)  In contrast, he asserts that the complaints filed by his wife and Ms. Lars were always investigated and improper findings made against him.  (*Id.*)

1    The testimony of Eddie Aubrey resolves this issue.  Ms. Lars filed three complaints against

2  Plaintiff and one was sustained.  (Aubrey Decl., ¶ 9.)  The wife, Ms. Ewing, filed one complaint which

3  was deemed unfounded.  (*Id*.)  And significantly, Plaintiff never filed any internal affairs complaints

4  against either Ms. Ewing or Ms. Lars.  (*Id*.)  On this undisputed evidence, Plaintiff's claim that he was

5  unfairly subjected to Internal Affairs investigations must be dismissed on summary judgment.

6    All of the adverse employment actions alleged by Plaintiff either did not occur or are not

7  actionable.  In addition, Plaintiff's general assertion that he was discriminated against because of his race

8  and national origin (his mother is Japanese) fail.  During the relevant period of time from 2009 when

9  Plaintiff claims to have been sexually harassed by Chief Magnus until his administrative leave, three

10  Asian officers were promoted to superior positions.  (Declaration of Donna Newton ("Newton Decl."), ¶

11  3.)  Most critically, Plaintiff was on the same Sergeant's list from which an Asian officer named Felix

12  Tan was promoted to Sergeant.  (*Id*.)  There was no policy or practice of discrimination in promotion

13  based upon ethnicity or national origin.  In addition, the percentage of Asian officers increased from

14  approximately eight to eleven percent during the years that Plaintiff asserts that he was discriminated

15  against based upon his race and national origin.  (*Id*., ¶ 4.)

16          9.    Plaintiff's Dismissal

17    The testimony of Chief Magnus and the City Manager Bill Lindsay show that there was more

18  than sufficient basis supporting the decision to terminate Plaintiff for beating up his ex-wife, defacing her

19  residence, illegally possessing eight firearms and lying to the investigating officer.  (Magnus Decl., ¶¶

20  15-17, 20; Declaration of Bill Lindsay ("Lindsay Decl."), ¶¶ 4-6.)  On this factual evidence, Defendants

21  have met their burden under the *McDonnel-Douglas* standard of showing a legitimate basis for the

22  employment decision.  Plaintiff is unable to raise a triable issue of pretext.  Indeed, Plaintiff cannot show

23  pretext for any of the decisions discussed herein.

24      **D.    Facts Underlying the Sixth Cause of Action**

25    The sole basis of Plaintiff's argument on this cause of action is that there has been a violation of

26  California Government Code section 3304(d)(1) because he was disciplined for misconduct on his part

27  which occurred prior to one year before he was served with his notice of proposed action (*Skelly* notice)

28  on September 24, 2013.  The entire basis for this claim is that there is one paragraph in the statement of

1    charges where the individual who drafted the statement of charges identified that there had been a history

2    of six years of domestic abuse by Hauschild against his ex-wife, Ms. Ewing.  There is no conclusion in

3    the findings by the *Skelly* officer that the *Skelly* officer in any way relied upon that statement in the

4    charges.  In fact, the *Skelly* officer, Chief Magnus, testifies unequivocally that even without consideration

5    of any prior domestic violence incidents, Chief Magnus believes that Plaintiff was the primary aggressor

6    in the September 23, 2012 domestic violence incident.  (Magnus Decl., ¶ 18.)

7            More critically, the person who made the termination decision, City Manager Bill Lindsay, has

8    testified unequivocally that he did not base any part of his termination decision upon the statement that

9    there had been a long-standing history of domestic abuse.  (Lindsay Decl., ¶ 8.)  In light of that

10   undisputed testimony, Plaintiff's conjecture and speculation that he was terminated based upon earlier

11   incidents is just not true.  For this reason, and others, the Sixth Cause of Action is subject to dismissal as

12   well.

13   **III.    ARGUMENT**

14           A party moving for summary judgment must show "that there is no genuine dispute as to any

15   material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

16           A moving party without the ultimate burden of persuasion at trial-usually, but not always,
         a defendant-has both the initial burden of production and the ultimate burden of persuasion
17       on a motion for summary judgment.  In order to carry its burden of production, the moving
         party must either produce evidence negating an essential element of the nonmoving party's
18       claim or defense or show that the nonmoving party does not have enough evidence of an
         essential element to carry its ultimate burden of persuasion at trial….  If [] a moving party
19       carries its burden of production, the nonmoving party must produce evidence to support its
         claim or defense.  If the nonmoving party fails to produce enough evidence to create a
20       genuine issue of material fact, the moving party wins the motion for summary judgment.

21   *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000) (citations omitted).

22   "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the

23   court that there is no genuine issue of material fact."  *Id*. at 1102.

24           There is no genuine issue of material fact "where the only evidence presented is 'uncorroborated

25   and self-serving' testimony."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)

26   (*citing Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)).  "The removal of a factual

27   question from the jury is most likely when a plaintiff's claim is supported solely by the plaintiff's own

28   self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

8

evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury."  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir. 1999) (*quoting Johnson v. Wash. Metro. Area Trans. Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989)).

### A.    Summary Judgment Should Be Granted On Plaintiff's First Cause of Action For Violation of 42 U.S.C. Section 1983

Plaintiff's First Cause of Action for violation of 42 U.S.C. section 1983 is premised upon three theories:  (1) that Plaintiff was terminated in retaliation for making complaints of public concern, in violation of the First Amendment; (2) that the City has a custom, policy, pattern, or practice of retaliating against employees who make complaints of public concern (a *Monell* claim); and (3) that Plaintiff's "due process rights" – presumably as protected by the Fourteenth Amendment – were violated by the City's alleged failure to comply with the POBR.  Based upon the undisputed evidence, each of these claims is without merit.

### 1.    Plaintiff's First Amendment Retaliation Claim[1]

As described above, there is substantial evidence that Plaintiff was terminated for four acts of misconduct, any of which alone would support his termination.  (Lindsay Decl., ¶¶ 4-5; Magnus Decl., ¶¶ 15, 17, 20-21.)  To raise a triable issue of retaliatory motive, in light of the legitimate reasons for Plaintiff's termination, Plaintiff must present circumstantial evidence, "which usually includes:  (1) proximity in time between protected speech and the alleged retaliation; (2) that the defendant expressed opposition to the speech; or (3) other evidence that the reasons proffered by the defendant for the adverse... action were false and pretextual."  *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (quotation, brackets and citation omitted).  There is no such evidence in this case.

---

[1] Plaintiff's First Amendment retaliation claim is brought against Chief Magnus only.  In response to an interrogatory seeking identification of all acts allegedly in violation of the U.S. Constitution, Plaintiff identified only the investigation of his wrongdoing, failure to provide a "liberty interest hearing," and wrongful termination, all "ultimately orchestrated by Defendant Magnus."  (*See* Spellberg Decl., Ex. D at pp. 7-8.)  Nor could Plaintiff bring such a claim against the City.  *See Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (a municipality may not be sued under section 1983 for acts inflicted by its agents, but only when injury is inflicted by the municipality's "official policy"); *Schulthies v. Nat'l Passenger R.R. Corp.*, 650 F. Supp. 2d 994, 1001 (N.D. Cal. 2009) (no vicarious liability for First Amendment retaliation claim under section 1983 or *Bivens*).  Plaintiff's *Monell* claim premised upon retaliation in violation of the First Amendment is discussed separately below.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - Case No. 15-CV-01556-WHA

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1    Plaintiff alleges he was terminated in retaliation for making complaints "of public concern to

2    Defendants[,]" based upon the alleged sexual harassment by Chief Magnus.  (FAC ¶ 34.)  There is no

3    evidence Plaintiff ever made such a complaint.  There is no documented record of any such complaint.

4    The only person to whom Plaintiff claims he raised such a complaint, Lieutenant Threets, has no

5    recollection of such a complaint, but would have reported any such complaint had he received it.

6    (Threets Decl., ¶¶ 3-4.)  Tellingly, Plaintiff did not raise this supposed sexual conduct by Chief Magnus,

7    or his complaints about this conduct, in connection with his *Skelly* hearing, even though Chief Magnus

8    was the *Skelly* officer.  There is no evidence that Chief Magnus recommended that Plaintiff be terminated

9    for making such a complaint, and there is no evidence that City Manager Lindsay – the decision-maker –

10   terminated Plaintiff based upon such a complaint.  There is no evidence that Magnus or Lindsay even

11   knew of this purported complaint – the undisputed evidence is to the contrary.  (Magnus Decl., ¶ 9.)

12   Without evidence the decision-maker knew of the protected conduct, the claim "cannot survive summary

13   judgment."  *Quiroz v. Horel*, 85 F. Supp. 3d 1115, 1142 (N.D. Cal. 2015).  There is simply no credible

14   evidence of any complaint – only Plaintiff's uncorroborated self-serving testimony – and no evidence

15   whatsoever that Plaintiff was terminated for making such a complaint.  *See Villiarimo*, 281 F.3d at 1061

16   (there is no "genuine issue" of fact "where the only evidence presented is 'uncorroborated and self-

17   serving' testimony") (citations omitted).  Based upon these undisputed facts, summary judgment should

18   be granted on this claim.

19        This claim fails for several additional reasons.  <u>First</u>, Plaintiff alleges the claim against Chief

20   Magnus only, but there is absolutely no evidence that Chief Magnus "orchestrated" Plaintiff's

21   termination.  City Manager Lindsay terminated Plaintiff's employment, not Chief Magnus, and there is

22   no evidence Lindsay acted in retaliation against Plaintiff, for making a purported complaint many years

23   prior that no one was aware of.  *See Strahan v. Kirkland*, 287 F.3d 821, 826-27 (9th Cir. 2002) (affirming

24   summary judgment in favor of decision-maker, where no evidence decision-maker acted in retaliation).

25        <u>Second</u>, Richmond police officers are <u>required</u> to report acts of misconduct by other officers.

26   Declaration of Albert Walle ("Walle Decl."), ¶ 5; *Christal v. Police Commission of City & Cnty. of San*

27   *Francisco*, 33 Cal.App.2d 564, 567 (1939) (peace officers in California have a duty to report facts which

28   will tend to incriminate any person to their supervisor); *Riverside Cnty. Sheriff's Dep't v. Zigman*, 169

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

Cal. App. 4th 763, 768 (2008) (same).  When an officer "raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job" and is not protected speech.  *Dahlia v. Rodriguez*, 735 F.3d 1060, 1074 (9th Cir. 2013) (en banc) (citation and quotation omitted).  While this is not a blanket rule, this is particularly so where the complaint is personal in nature and does not "raise within the department broad concerns" such as about corruption or systematic abuse.  *Id*. at 1075.  Complaints to a supervising lieutenant in the chain of command – even if ignored – are made pursuant to the officer's job duties, and are not protected speech. *Id.* at 1076; *see also Van Pelt v. Skolnik*, 897 F. Supp. 2d 1031, 1043 (D. Nev. 2012) (correctional offer's required report of misconduct not protected activity; granting summary judgment).  Here, there is no complaint or concern made to the media, another authority, or the public at large, but only an alleged complaint up the chain of command to a supervising lieutenant—who has no recollection of the complaint.  (Threets Decl., ¶ 3.)  This is not protected speech as a matter of law, and Plaintiff's First Amendment claim fails on this additional basis.

      <u>Third</u>, while Plaintiff cannot show that any supposed complaint was a "substantial" or "motivating" factor in his dismissal, the City would have nonetheless dismissed Plaintiff for any of the four acts of misconduct he was found to have committed.  *See Strahan*, 287 F.3d at 825 (if plaintiff shows protected conduct was substantial or motivating factor, burden shifts to employer to demonstrate it would have acted the same way in the absence of protected conduct).  Both Chief Magnus and City Manager Lindsay would have terminated Plaintiff's employment for any of the four reasons identified. (Lindsay Decl., ¶ 6; Magnus Decl., ¶ 20.)  There is no evidence that these legitimate reasons for termination were pretext for retaliation.  *Strahan*, 287 F.3d at 825-27 (affirming summary judgment where no evidence protected conduct motivated discipline).

      <u>Fourth</u>, Plaintiff purportedly raised a complaint regarding this harassment in 2009.  Chief Magnus recommended that he be dismissed in 2013 – four years later.  For temporal proximity to support a retaliation claim, the timing must be "very close[.]"  *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (action taken 20 months later "suggests, by itself, no causality at all").

      In some cases, the totality of the facts may form such a clear picture that a district court would be justified in granting summary judgment, either for or against a plaintiff, on the

11

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - Case No. 15-CV-01556-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

issue of retaliatory motive; but the length of time, considered without regard to its factual setting, is not enough by itself to justify a grant of summary judgment.

*Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003).  This is just such a case.  The absence of any corroborated evidence of a complaint; the personal nature of the complaint; the making of the complaint in the course of Plaintiff's duties; Chief Magnus' undisputed lack of knowledge of such a complaint; and the passage of four years between the supposed complaint and Plaintiff's termination create a "clear picture" that summary judgment should be granted on Plaintiff's First Amendment retaliation claim against Chief Magnus.

        2.    Plaintiff's *Monell* Claim

Plaintiff alleges that the City "has a custom, policy, pattern, or practice of retaliating against employees of the Richmond Police Department, who make complaints of public concern."  (FAC ¶ 35.) In response to an interrogatory seeking identification of all acts allegedly in violation of the U.S. Constitution, Plaintiff did not identify any such policy or practice sufficient to sustain a *Monell* claim. (*See* Spellberg Decl., Ex. D at pp. 7-8.)  There is no evidence whatsoever of such a policy or pattern – Plaintiff has not identified any – and summary judgment should be granted on this basis.

Further, to prevail on a *Monell* claim, Plaintiff must demonstrate an underlying First Amendment violation.  *See generally Quintanilla v. City of Downey*, 84 F.3d 353, 354-55 (9th Cir. 1996).  For all the reasons discussed above, Plaintiff cannot prove any First Amendment retaliation claim, and his *Monell* claim fails as a result.  Summary judgment should be granted on Plaintiff's *Monell* claim.

        3.    Plaintiff's Due Process Claim

Plaintiff's due process claim is brought against Chief Magnus only, based upon the "failure to provide a liberty interest hearing" and the "wrongful termination of employment in October 2013, in violation of Plaintiff's due process rights under POBR…."  (Spellberg Decl., Ex. D at pp. 7-8.)  Plaintiff describes no other conduct that would allegedly violate his right to due process.

In fact, Plaintiff voluntarily dismissed his due process claim for violation of the California Constitution earlier in this case.  (Docket No. 30.)  As recounted at length in Defendants' prior motion for partial summary judgment on that cause of action, Plaintiff was given a *Skelly* hearing; given the right to appeal his termination; and then voluntarily dismissed his appeal of his termination – thereby giving

12

up the process he was afforded, and negating his due process claim.  *See Ramirez v. Cnty. of Marin*, 578 F. App'x 673, 676 (9th Cir. 2014) (affirming grant of summary judgment on due process claim where plaintiff did not take advantage of available post-termination process).[2]  As noted in *Ramirez*, a plaintiff "is not in a position to complain about any defect in his pre-termination hearing when he did not take advantage of the post-termination process available to him."  *Id.*  This comports with established authority holding that there is no violation of the right to due process under the U.S. Constitution where a pre-termination hearing may be biased or otherwise flawed, if a post-termination hearing is made available.  *Walker v. City of Berkeley*, 951 F.2d 182, 183-84 (9th Cir. 1991).

The same is true here:  Plaintiff's opportunity to cure any supposed deprivation of his constitutional right to due process was through the post-termination process available to him.  His due process claims are premised solely upon the purported "failure to provide a liberty interest hearing" and the purported violation of his "due process rights under the POBR."  (Spellberg Decl., Ex. D at pp. 7-8.)  But Plaintiff was given a *Skelly* hearing, and as a non-probationary employee was not entitled a "liberty interest hearing."  *See Zeron v. City of Los Angeles*, 67 Cal. App. 4th 639, 641-42 (1998) (distinguishing between rights of tenured officers and probationary officers); *Shuer v. Cnty. of San Diego*, 117 Cal. App. 4th 476, 484 (2004) (liberty interest hearing is a right of probationary employees).  Nor was there any POBR violation, as discussed below.  But in any case, these allegations are based on pre-termination procedures.  As described in *Walker*, any flaw in these procedures is not a constitutional violation if Plaintiff is afforded a post-termination hearing.  Plaintiff voluntarily gave up his right to correct any error in the pre-termination process he was provided, and in so doing, foreclosed his due process claim in this case.  Summary judgment should be granted on Plaintiff's due process claim.

In addition, there is no authority holding that a failure to comply with the POBR constitutes a violation of the federal right to due process.  Due process requires that "an employee with a property interest is entitled to a limited pre-termination hearing which is to be followed by a more comprehensive

---

[2] Evidence on this point was previously submitted through the Declaration of Todd Simonson.  Plaintiff "elected to submit his appeal of his dismissal to binding arbitration, and concurrently waived his right to a Personnel Board hearing…. [Plaintiff] through his attorney withdrew his termination appeal with prejudice and cancelled the arbitration.  In so doing, Mr. Hauschild has irrevocably waived his post termination rights."  (*See* Docket No. 20 at ¶¶ 4-5.)

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

post-termination hearing." *Levine v. City of Alameda*, 525 F.3d 903, 906 (9th Cir. 2008) (citation omitted).  Of course, these were provided.  Due process under the U.S. Constitution does not dictate all of the minutiae and additional protections that the POBR provides to police officers, and a violation of the POBR is not, *ipso facto*, a violation of due process.  Indeed, the requirements of Government Code section 3304(d) are *in addition to* constitutional procedural due process.  *See Mays v. City of Los Angeles*, 43 Cal. 4th 313, 321 n.6 (2008).  Plaintiff's federal due process claim premised upon an alleged violation of the POBR fails as a matter of law, and summary judgment should be granted on the First Cause of Action for this additional reason.

**B.    Summary Judgment Should Be Granted On Plaintiff's Second Cause of Action For Discrimination in Violation of the FEHA**

Plaintiff contends his termination was motivated by discrimination based upon his race, national origin, or gender.  (FAC ¶ 41.)  There is no evidence, direct or circumstantial, to support any such claim. As discussed above, each act which Plaintiff identifies as evidence of discrimination was done for a legitimate reason, and Plaintiff can produce no evidence from which a fact-finder could infer that this reason was pretext for discrimination.  In that circumstance, summary judgment should be granted.  *See, e.g., Taylor v. AFS Techs. Inc.*, 503 F. App'x 531, 532 (9th Cir. 2013).

In addition, during the relevant period of time from when Plaintiff claims to have been sexually harassed by Chief Magnus until his administrative leave, three Asian officers were promoted to superior positions.  (Newton Decl., ¶ 3.)  Most critically, Plaintiff was on the same Sergeant's list from which an Asian officer named Felix Tan was promoted to Sergeant.  (*Id*.)  There is no evidence that the City or the Police Department have a policy or practice of discrimination in promotion based upon ethnicity or national origin.  In addition, the percentage of Asian officers increased from approximately eight to eleven percent during the years that Plaintiff asserts that he was discriminated against for his race.  (*Id*., ¶ 4.)  Plaintiff has no evidence that he was treated differently because of his race, gender, or national origin.

Plaintiff contends not only that his termination was discriminatory, but that the internal affairs investigation of Plaintiff's misconduct was discriminatory.  (Spellberg Decl., Ex. D at p. 8.)  Public entity investigations of employees, including internal affairs investigations, are "official proceedings" protected

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

by California Civil Code section 47(b).  *See Hansen v. Cal. Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1546-47 (2008) (section 47(b) protects statements made in internal affairs investigation of employee); *Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1049 (N.D. Cal. 2012) (same); *Plymale v. City of Fresno*, No. CV F 09-0802 LJO DLB, 2009 WL 1810765, at *17 (E.D. Cal. June 25, 2009) ("The term 'official proceeding' [as used in Civil Code section 47(b)] extends to investigatory activities by public agencies").

Here, the Department received notice of misconduct by Plaintiff, and it was obligated by law to investigate that misconduct.  *See* Cal. Pen. Code § 832.5(a).  That investigation was an "official proceeding" as that term is used in Civil Code section 47(b).  *See also Walker v. Kiousis*, 93 Cal. App. 4th 1432, 1439-40 (2001).  The investigation is absolutely privileged, and cannot support a claim of discrimination.  For this additional reason, summary judgment should be entered on Plaintiff's discrimination claim.

### C.  Summary Judgment Should Be Granted On Plaintiff's Third Cause of Action For Retaliation in Violation of the FEHA

Plaintiff alleges that he was terminated in retaliation for protected activity:  his "complaints about the adverse actions that followed his refusal to engage in intimate sexual conduct with Defendant Magnus…."  (FAC ¶ 47.)

As discussed above, there is no evidence – aside from Plaintiff's uncorroborated testimony – that Defendant Magnus engaged in any sexual advance or otherwise improper conduct towards Plaintiff.  Nor is there any evidence, aside from Plaintiff's unsubstantiated testimony, that Plaintiff complained to anyone about Chief Magnus' conduct.  And there is no evidence that Plaintiff complained that other "adverse actions" were retaliatory.[3]  Plaintiff's FEHA retaliation claim fails for a simple lack of any credible evidence that Plaintiff engaged in any protected activity.  *See Villiarimo*, 281 F.3d at 1061.

In addition, as described above, there is no evidence that any alleged decision-maker knew of any alleged protected activity.  (Magnus Decl., ¶ 9.)  *See Morgan v. Regents of Univ. of Cal.*, 88 Cal. App.

---

[3] Simply complaining that one was not given a desired assignment is not protected activity under the FEHA.  The complaint must pertain to conduct forbidden by the FEHA.  Cal. Gov. Code § 12940(h).

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

4th 52, 70 (2000) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity") (citations and quotation omitted); *Meaux v. Northwest Airlines, Inc.*, 718 F. Supp. 2d 1081, 1092 (N.D. Cal. 2010) (granting summary judgment on FEHA retaliation claim where no evidence decision-maker had knowledge of past protected activity). Plaintiff cannot show that any decision-maker had knowledge of any protected activity, and summary judgment should be granted on this additional basis.

In addition, to the extent Plaintiff's retaliation claim is premised upon the Department's investigations of Plaintiff's acts of misconduct, the claim is barred by the official proceeding or "litigation" privilege. Cal. Civ. Code § 47(b); *see Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600, 617 (2007) (section 47(b) bars retaliation claim premised upon allegedly retaliatory investigation of misconduct by public entity employee). For this additional and independent reason, Plaintiff cannot prevail on his retaliation claim, and summary judgment should be granted.

### D. Summary Judgment Should Be Granted On Plaintiff's Sixth Cause of Action For Violation of the POBR

Plaintiff contends that he was terminated based upon acts of misconduct discovered more than one year prior to notice of proposed discipline to be imposed for those acts, in violation of Government Code section 3304(d). (FAC ¶ 72.) This is simply not true.

The centerpiece of Plaintiff's argument is that the City asked about prior acts of misconduct in the course of investigating four acts of misconduct that were not time-barred. Indeed, it is undisputed that Plaintiff was asked about those prior acts. In fact, Plaintiff voluntarily interjected evidence regarding prior acts of misconduct – the history of domestic violence issues between Plaintiff and his ex-wife – during his interview with the officer investigating Plaintiff's misconduct, while discussing the September 23, 2012 incident. (Walle Decl., ¶ 3, Ex. A at pp. 5:25-10:6, 14:4-7.) Plaintiff's attorney, who was present at the interview, herself commented regarding these past incidents, as "background to you going to talk to Nicole about this text message in the back of your mind" and as "important to understand what his mindset was at the time he's engaging in these conversations." (*Id*. at pp. 10:4-6, 12:7-8.) It is anomalous for Plaintiff to complain that he was asked about things that he himself volunteered, and when his own attorney argued these past incidents were relevant to the investigation of the September 23, 2012

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

1   incident – but more importantly, it is irrelevant.

2       The POBR does not prohibit asking about old incidents in the course of investigating misconduct.

3   The statute says no such thing.  No case proscribes such activity.  And with good reason:  investigations

4   are meant to ascertain the truth, and a time-bar on the sorts of questions that can be asked in an

5   investigation would arbitrarily impede that truth-seeking function – in some instances, potentially to the

6   officer's detriment.  Many investigations, of all sorts, including of suspected misconduct by police

7   officers, include evidence and questions about past events.[4]  Yet, this is the focal point of Plaintiff's

8   cause of action.  This is nowhere prohibited by the POBR, but that is all that occurred in this case.

9   Courts do not sit in review of the temporal scope of questions asked in an internal affairs investigation –

10  at least, no court to date has done so – but that is precisely what Plaintiff asks this Court to do.

11      Because Plaintiff was asked about prior incidents, he alleges that he was terminated for those

12  prior incidents.  This is unsupported speculation.  Chief Magnus recommended that Plaintiff be

13  terminated based upon the four pending charges against him – indisputably, none of which are time-

14  barred.  (Magnus Decl., ¶ 20.)  Chief Magnus did not recommend discipline based upon any prior act.

15  (*Id.*, ¶ 21.)  Notably, in Chief Magnus' *Skelly* recommendation, nowhere is there any finding that

16  Plaintiff actually engaged in any prior act of misconduct, and nowhere is there a recommendation that

17  Plaintiff be terminated based on any prior act of misconduct.  (*Id.*, Ex. A.)

18      More importantly, City Manager Bill Lindsay – the person who actually imposed discipline in

19  this case – based his decision on the four charges discussed in Chief Magnus' recommendation.  (Lindsay

20  Decl., ¶ 6.)  His decision was not based on any evidence or conduct that preceded Plaintiff's September

21  23, 2012 battery upon his ex-wife.  (*Id.*, ¶ 8.)  And both Chief Magnus and Mr. Lindsay would have

22  recommended, or imposed, the termination based upon a finding that even one of the four acts of

23  misconduct in question had occurred.  (*Id.*, ¶ 6; Magnus Decl., ¶ 20.)

24

---

25  [4] In circumstances such as here, where Plaintiff asserted that he only engaged in self-defense and was not the primary aggressor in the September 23, 2012 domestic violence incident, the rules of evidence
26  specifically allow for admission of evidence of past incidents.  Fed. R. Evid. 414(a)(2); Cal. Evid. Code § 1103(b).  While the rules of evidence do not apply to an investigation of officer misconduct, these rules
27  reflect a well-established understanding that determining who was the primary aggressor in an incident can turn, in part, on evidence of past acts of aggression.  (*See also* Walle Decl., ¶ 4.)  For such evidence
28  to be admissible at a trial, but barred from consideration in an investigation, is nonsensical.

1    All that Plaintiff can offer in response is supposition that he was really fired for something else.

2    Supposition is not evidence, and it does not demonstrate a triable issue of material fact.  *British Airways*

3    *Bd. v. Boeing Co.*, 585 F.2d 946, 954 (9th Cir. 1978) ("supposition, speculation, and conclusory

4    argument" insufficient to defeat summary judgment).  Plaintiff's only other tack is to complain that he

5    was asked about prior events in the investigation, but this does not state a POBR violation.  Plaintiff was

6    fired for engaging in four acts of misconduct, none of which were time-barred, and Plaintiff cannot show

7    otherwise.  Summary judgment should be granted.

8    Summary judgment should be granted for an additional reason:  the City's investigation of

9    Plaintiff's misconduct is protected by the official proceeding privilege.  Cal. Civ. Code § 47(b).  As

10   discussed above, investigations by public entity employers – such as internal affairs investigations – are

11   protected by the official proceeding privilege, because the investigation is an "official proceeding."  *See*

12   *Hansen*, 171 Cal. App. 4th at 1546-47; *Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382, 1388-89

13   (1998); *Kemmerer v. Cnty. of Fresno*, 200 Cal. App. 3d 1426, 1439-41 (1988).  This reflects a policy

14   judgment regarding the statements made, and conducting of, an investigation of wrongdoing by a

15   government employee, and the public interest in ensuring that allegations can be fully investigated

16   without the chill of a potential subsequent civil lawsuit arising from the manner in which the

17   investigation was conducted.  A POBR plaintiff may claim that he was fired for a time-barred act, but he

18   may not premise his claim upon the way in which the investigation was conducted, because the

19   conducting of the investigation is absolutely privileged.  To the extent Plaintiff's POBR claim is based

20   upon the scope of the investigation of his acts of misconduct, it is barred, and summary judgment should

21   be granted.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY
JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - Case No. 15-CV-01556-WHA

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

**IV.     CONCLUSION**

For the foregoing reasons, Defendants City of Richmond and Christopher Magnus respectfully request that summary judgment, or partial summary judgment, be entered on Plaintiff's remaining causes of action.

Dated:  May 19, 2016                                          RENNE SLOAN HOLTZMAN SAKAI LLP


By: */s/ Geoffrey Spellberg*
      GEOFFREY SPELLBERG

Attorneys for Defendants
CITY OF RICHMOND and
CHRISTOPHER MAGNUS

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - Case No. 15-CV-01556-WHA