IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS HAUSCHILD,

    Plaintiff,

  v.

CITY OF RICHMOND, *et al.*,

    Defendants.

                         /

No. C 15-01556 WHA

**FINAL PRETRIAL ORDER**

      **FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions in limine:

      1.     This case shall go to a **BENCH TRIAL** on **FEBRUARY 21 AT 7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The trial shall be bifurcated, and the first phase shall cover whether defendants violated the POBR by taking "punitive action" against plaintiff "for any act, omission, or other allegation of misconduct [when] the investigation of the allegation [was] not completed within one year" of defendants' discovery of said allegation. *See* CAL. GOV'T CODE § 3304(d). All other issues are postponed to a date to be determined. This final pretrial order supersedes the complaint, answer and any counterclaims, cross-claims or third-party complaints, i.e., only the issues expressly identified for trial remain in the case.

      2.     Rulings on the motions in limine were made on the record at the final pretrial conference and are summarized later in this order.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order in limine. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The parties should meet and confer and jointly submit a tabbed binder with the 12 most important documents for this trial, including the internal affairs investigation report. The parties may tab and highlight significant passages in each document, up to 20 passages for both sides. Plaintiff should use pink tabs and highlighting. Defendants should use blue tabs and highlighting. The parties should use green tabs and highlighting for passages deemed significant by both sides.

5. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

6. By agreement by both sides, each side shall have **FIVE HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

Defendants shall go first, and present as key witnesses the decisionmakers involved in the punitive actions in question against plaintiff, as well as witnesses to show tolling of the POBR limitation period. Each witness will be subject to cross-examination by plaintiff. Plaintiff may then present witnesses. Rebuttal and surrebuttal may be allowed (if within the time limits).

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**RULINGS ON MOTIONS IN LIMINE**

<u>**PLAINTIFF'S MOTIONS IN LIMINE.**</u>

**1.    EXCLUDE EXPERT TESTIMONY OF COHEN AND VOLK.**

This motion is **GRANTED**.

**2.    EXCLUDE EVIDENCE RE SAEDA LARS.**

Neither side may introduce evidence regarding Saeda Lars, or call Lars as a witness, without first obtaining the Court's permission.

**3.    EXCLUDE EXPERT TESTIMONY OF RICHARD WORD.**

This motion is **GRANTED** inasmuch as there appears to be no need for this testimony in the liability phase of trial (see ruling on defendants' first motion in limine).  That being said, if other evidence elicited at trial attacks the quality of the internal affairs investigation, then the Court will consider permitting Chief Word to testify for the purpose of rebutting such evidence.

**4.    RECONSIDER ORDER ON SUMMARY JUDGMENT.**

Plaintiff's formal motion for reconsideration of the prior order on summary judgment has already been denied (Dkt. No. 155).  This parallel motion is likewise **DENIED**.

<u>**DEFENDANTS' MOTIONS IN LIMINE.**</u>

**1.    BIFURCATE TRIAL AND EXCLUDE EVIDENCE RE INTERNAL AFFAIRS INVESTIGATION.**

This motion is **GRANTED IN PART** and **DENIED IN PART**.

Defendants' request to bifurcate the trial is **GRANTED**, as stated above.

Defendants' request to exclude evidence of the internal affairs investigation is **DENIED AS WITHDRAWN**.

The Court **DEFERS** ruling on defendants' motion to quash the subpoena to compel the appearance and testimony of Arnold Threets until this issue is teed up at trial.

**2.    EXCLUDE EXPERT TESTIMONY OF DAVID STARNES.**

This motion is **GRANTED**.

**3.    PRECLUDE EMOTIONAL DISTRESS DAMAGES.**

This motion is **DENIED IN PART**.

3

If the trial continues beyond the first phase, then the Court will consider plaintiff's evidence of emotional distress only insofar as it comports with the parties' prior stipulation, including plaintiff's representation that he is "only seeking generalized or garden variety emotional distress damages in this action" (*see* Dkt. No. 60).

**IT IS SO ORDERED.**

Dated:  February 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE